No. 34,977

MINNIE M. MURPHY, as Administratrix, et al., *Appellants,* v. H. L. MURPHY, Surviving Partner and Administrator of the Estate of Murphy Brothers, *Appellee.*

(107 P. 2d 700)

December 7, 1940.                                                          Opinion filed

*J. P. Noble, W. T. Wolfe* and *W. S. Langmade,* all of Oberlin, for the appellants.

*J. F. Peters* and *John M. Bremer,* both of Oberlin, for the appellee.

The opinion of the court was delivered by

HOCH, J.: This appeal is from an order approving the final report of the administrator of a partnership estate, including the public sale of partnership assets and the allowance of certain claims

of the surviving partner. The principal substantive questions presented are whether the assets of a partnership, in process of administration following the death of one of the two partners, may be sold for less than three-fourths of their appraised value, and whether the surviving partner, appointed and qualified as administrator of the entire partnership estate, may lawfully purchase such assets.

H. L. Murphy and Vernon C. Murphy, brothers, operating as partners under the firm name of Murphy Brothers, engaged in the sale of farm implements, hardware and coal, at Oberlin, Kan., for about nineteen years and until Vernon C. Murphy died, intestate, in July, 1938. On July 30, 1938, Minnie M. Murphy, widow of the deceased partner, was appointed administratrix of her husband's personal estate, and H. L. Murphy, the surviving partner, was appointed administrator of the partnership estate. On the same day appraisers of the partnership estate were appointed, and on August 23, 1938, filed their report. H. L. Murphy, as administrator, continued the business during the remainder of 1938 and the first part of 1939, both buying and selling merchandise and collecting notes and accounts due the firm. On July 1, 1939, he filed a petition in the probate court asking authority to sell at public sale all of the partnership property, except the notes and accounts, and such an order was made. Public sale was held on July 17, 1939, and the partnership assets, other than the notes and accounts, were sold for $9,-399.50. Purchases amounting to $8,412.88 were made by the administrator, H. L. Murphy, and other persons made purchases amounting to $996.62. On August 9, 1939, the administrator filed his final report and asked for discharge. On August 22, 1939, a report of the division of notes and accounts as between the surviving partner and Minnie M. Murphy, widow of the deceased partner, was filed and approved by the court on September 6, 1939. On August 22, the probate court heard the evidence offered on the final report and petition for discharge, overruled the objections made by the administratrix and the other heirs, and approved the report. Appeal was taken to the district court, trial had in May, 1940, a jury being waived, and the final report was approved as to all items except one item of $300 for rent and one item of $140.58 for taxes. Among the items specifically approved by the court were two notes for $1,000 and $1,500, respectively, held to be a legal charge against the partnership estate in favor of H. L. Murphy, the payee, together with $633.78 accrued interest. Also, an item of $2,348.38 due to

H. L. Murphy for rent of the buildings and other real estate of which he was the personal and sole owner and where the partnership business had been conducted.

The principal contentions of the appellants, covered by assignments of error, are: (1) That the assets of the partnership were sold for less than three-fourths of their appraised value and that this was contrary to law. (2) That sale of partnership assets to the surviving partner, serving as administrator, was unlawful. (3) That there was no evidence to support the allowance of $2,348.38 for rent of the property where the business had been conducted. (4) That there was not sufficient evidence to support judgment, for interest or principal, on the two notes, and also that payments of interest purporting to be shown by endorsements on the notes, were not proven, and that in the absence of such payments, collection was barred by the statute of limitations. (5) That the court erred in permitting the surviving partner to testify as to transactions or conversations with the deceased partner, and in not ruling upon objection to various questions.

The contentions will be considered in order.

G. S. 1935, 22-409, which was in effect until superseded by the provisions of the new probate code on July 1, 1939, provided that in the case of sale of partnership assets either by the executor or administrator of the deceased partner's estate, or by the administrator of the partnership estate, such assets should not be sold for less than three-fourths of their appraised value. Such limitation was omitted from the new enactment. The applicable section of the new code (G. S. 1939 Supp., 59-1004) reads as follows:

"SALE OF ASSETS. An executor or administrator having the whole of the partnership estate in his possession, as herein. provided, may sell the assets thereof at public or private sale as provided by law, and may without such possession sell the interest of the deceased partner therein in the manner aforesaid. The surviving partner shall be an eligible purchaser."

It thus appears that the administrator, having the whole of the partnership estate in his possession, was not prohibited, under this section, from selling the assets at less than three-fourths of the appraised value. Nor do we find any other statutory provision which does so, at a public sale.

It may be noted that appellee contends that the total receipts from sales by the surviving partner and administrator in fact exceeded the appraised value of the merchandise on hand at the death

of Vernon Murphy, plus the cost of new merchandise purchased. This factual matter need not be discussed in view of what has already been said about the change in the applicable statute.

We find that appellants' second contention is also unsupported under the statute. Section 59-1004 specifically provides that "the surviving partner shall be an eligible purchaser." Appellants urge that this provision is intended to apply only in cases where the administrator is not a surviving partner. The statute does not so provide, and we find no basis for such a construction. In the instant case, the surviving partner was duly appointed and qualified as administrator of the whole partnership estate. As far as the record discloses, no challenge was made to his appointment. A substantial part of the merchandise was sold to other purchasers. No charge is here made that the public sale was not properly conducted nor that a fair price was not realized. Moreover, why should not a surviving partner be an eligible purchaser—especially at a public sale—of partnership property? To deny him that right would often debar the best purchaser, with resultant loss to all interested in receipts from the sale.

The substance of appellants' third contention is that there was no substantial evidence to support the judgment of $2,348.38 for rent due to the surviving partner. Both the probate court and the district court found that rent was due, though the latter court reduced the amount by $300. Without here reviewing the evidence in detail, we conclude after careful examination of the record that the judgment is supported by substantial, competent evidence. Included in this evidence was an exhibit presenting the partnership book account with the surviving partner showing credits, regularly made, for rent many years prior to and up to the death of Vernon Murphy. There was evidence that Vernon Murphy had access to these books. Also, there were several witnesses who testified to statements made by Vernon Murphy concerning rent owed to H. L. Murphy. We cannot say that either the obligation or the computation of rent made by the district court, trier of the facts, are unsupported by substantial evidence.

What has been said about the judgment for rent may also be said about the judgments for principal and interest on the two notes. We have the bank entries showing the withdrawal of $2,500 from H. L. Murphy's personal account and deposit on the same day of a like amount in the partnership account. For whatever probative value

it may have in connection with the claims for rent and on the notes, which aggregated about $5,000, we also have statements made by Vernon Murphy, who had a half interest in the business, that he owed his brother $2,500. As to endorsement of interest payments on the two notes—sufficient, if made, to toll the statute of limitations—we have the firm's daybook entries clearly purporting to show such interest payments. While the evidence was meager, we cannot say that there was no substantial evidence to support the judgment, and, accordingly, the judgment will not be disturbed.

This opinion need not be extended by much discussion of appellants' fifth contention that error was committed by admission of testimony by appellee concerning transactions and conversations with a deceased person, and by failure of the trial court to rule on objections to admission of testimony. The testimony set out by appellants in support of the contention consists in large part of testimony by appellee relative to partnership transactions, and the instances where the court apparently failed to rule upon objections are not of a character to establish prejudicial error. Moreover, the record does not disclose that these alleged errors were specifically pointed out in the motion for a new trial or in argument on the motion. On the contrary, the journal entry, signed by attorneys for both sides, recites that there was no argument on the motion for a new trial.

No error being found, the judgment must be affirmed. It is so ordered.